# Henry G. Wykowski
# & Associates

ATTORNEYS AT LAW

SAN FRANCISCO + SEATTLE

WWW.WYKOWSKILAW.COM

235 MONTGOMERY STREET
SUITE 657
SAN FRANCISCO, CALIFORNIA
94104

TELEPHONE: (415) 788-4545
FACSIMILE: (415) 788-4546

CONTACT EMAIL: HGW@WYKOWSKILAW.COM

April 9, 2015

Molly C. Dwyer, Esquire
Clerk, U.S. Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

*Re: Martin Olive v. Commissioner of Internal Revenue*
    *(9th Circ. – No. 13-70510*

Dear Ms. Dwyer:

The above-captioned case is set for argument in San Francisco on April 16, 2015.

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Appellant seeks to apprise the Court of Section 538 of the Consolidated and Further Continuing Appropriations Act, 2015 ("CAFRA"), which states that no funds may be used by the Department of Justice "to prevent [] States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."

The DOJ's continuing defense of this appeal prevents California from implementing its laws that not only authorize, but depend upon the availability of medical marijuana to its citizens. As a lynchpin argument in its appellate brief, the DOJ argues that "[Appellant] was a medical marijuana dispensary, and its sole business was the trafficking of a controlled substance prohibited by Federal law." (Brief for Appellee, 20-21.) The DOJ argues further that "marijuana is classified as a 'schedule I' controlled substance.... 'For marijuana (and other drugs that have been classified as "schedule I" controlled substances), there is but one express exception [to the Controlled Substances Act], and it is available only for Government-approved research projects....'" (*Id.* at 5.)

By advancing these arguments, the DOJ will be expending funds doing precisely what the CAFRA prohibits, i.e., it will be preventing the State of California from implementing its State laws under which distribution of medical marijuana *is* an exception to the Controlled Substances Act. Continued defense of this appeal is therefore

prohibited by the Anti-Deficiency Act, 31 U.S.C. §§ 1341 *et seq.*, 1511 *et seq.*; and Article I, Sections 8 and 9 of the United States Constitution. Any further action by the DOJ on this case is *ultra vires*. This Court has the power and duty to enforce the law and direct the DOJ to cease this unlawful spending.

Appellant Martin Olive respectfully requests that this Court enforce Section 538 of CAFCA and direct the DOJ to cease spending funds on this case and further, to vacate the Tax Court's decision which misapplied section 280E in a manner that punishes a State-legal medical marijuana business.

HENRY G. WYKOWSKI & ASSOCIATES


By: /s/ Henry G. Wykowski
HENRY G. WYKOWSKI
*Attorneys for Appellant Martin Olive*

# One Hundred Thirteenth Congress
# of the
# United States of America

## AT THE SECOND SESSION

*Begun and held at the City of Washington on Friday,*
*the third day of January, two thousand and fourteen*

# An Act

Making consolidated appropriations for the fiscal year ending September 30, 2015, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

### SECTION 1. SHORT TITLE.

This Act may be cited as the "Consolidated and Further Continuing Appropriations Act, 2015".

### SEC. 2. TABLE OF CONTENTS.

The table of contents of this Act is as follows:

Sec. 1. Short title.
Sec. 2. Table of contents.
Sec. 3. References.
Sec. 4. Explanatory statement.
Sec. 5. Statement of appropriations.
Sec. 6. Availability of funds.
Sec. 7. Technical allowance for estimating differences.
Sec. 8. Adjustments to compensation.
Sec. 9. Study of electric rates in the insular areas.
Sec. 10. Amendments to the Consolidated Natural Resources Act.
Sec. 11. Payments in lieu of taxes.

DIVISION A—AGRICULTURE, RURAL DEVELOPMENT, FOOD AND DRUG ADMINISTRATION, AND RELATED AGENCIES APPROPRIATIONS ACT, 2015

Title I—Agricultural Programs
Title II—Conservation Programs
Title III—Rural Development Programs
Title IV—Domestic Food Programs
Title V—Foreign Assistance and Related Programs
Title VI—Related Agency and Food and Drug Administration
Title VII—General Provisions
Title VIII—Ebola Response and Preparedness

DIVISION B—COMMERCE, JUSTICE, SCIENCE, AND RELATED AGENCIES APPROPRIATIONS ACT, 2015

Title I—Department of Commerce
Title II—Department of Justice
Title III—Science
Title IV—Related Agencies
Title V—General Provisions
Title VI—Travel Promotion, Enhancement, and Modernization Act of 2014
Title VII—Revitalize American Manufacturing and Innovation Act of 2014

DIVISION C—DEPARTMENT OF DEFENSE APPROPRIATIONS ACT, 2015

Title I—Military Personnel
Title II—Operation and Maintenance
Title III—Procurement
Title IV—Research, Development, Test and Evaluation
Title V—Revolving and Management Funds

grant guidelines or requirements to establish minimum riparian buffers.

SEC. 538. None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

SEC. 539. None of the funds made available by this Act may be used in contravention of section 7606 ("Legitimacy of Industrial Hemp Research") of the Agricultural Act of 2014 (Public Law 113–79) by the Department of Justice or the Drug Enforcement Administration.

SEC. 540. (a) None of the funds made available by this Act may be used to relinquish the responsibility of the National Telecommunications and Information Administration during fiscal year 2015 with respect to Internet domain name system functions, including responsibility with respect to the authoritative root zone file and the Internet Assigned Numbers Authority functions.

(b) Subsection (a) of this section shall expire on September 30, 2015.

SEC. 541. (a) IN GENERAL.—During the period beginning on January 1, 2015, and ending on December 31, 2015, the provisions of chapter 3 of title II of the Trade Act of 1974 (19 U.S.C. 2341 et seq.), as in effect on December 31, 2014, shall apply, except that in applying and administering such provisions, section 256(b) of that Act shall be applied and administered by substituting "$16,000,000 for the period beginning on January 1, 2015, and ending December 31, 2015" for "$16,000,000 for each of fiscal years 2003 through 2007, and $4,000,000 for the 3-month period beginning on October 1, 2007".

(b) TERMINATION.—During the period beginning on January 1, 2015, and ending on December 31, 2015, section 285 of the Trade Act of 1974 (19 U.S.C. 2271 note), as in effect on December 31, 2014, shall apply, except that in applying and administering that section, subsection (b) of that section shall be applied and administered as if paragraph (1) read as follows:

"(1) ASSISTANCE FOR FIRMS.—

"(A) IN GENERAL.—Except as provided in subparagraph (B), assistance may not be provided under chapter 3 after December 31, 2015.

"(B) EXCEPTION.—Notwithstanding subparagraph (A), any assistance approved under chapter 3 on or before December 31, 2015, may be provided—

"(i) to the extent funds are available pursuant to such chapter for such purpose; and

"(ii) to the extent the recipient of the assistance is otherwise eligible to receive such assistance.".