

**U.S. Department of Justice**

**Tax Division**

*Please reply to:* Appellate Section
P.O. Box 502
Washington, D.C. 20044

*Facsimile No. (202) 514-8456*
*Telephone No.(202) 514-3361*

RFarber
5-23804
CMN 2013101143

April 10, 2015

Molly C. Dwyer, Esquire
Clerk, U.S. Court of Appeals
 for the Ninth Circuit
P.O. Box 193939
San Francisco, CA  94119-3939

    Re:    Martin Olive v. Commissioner of Internal Revenue
                (9th Cir. – No. 13-70510)

Dear Ms. Dwyer:

      This letter responds to taxpayer's letter of April 9, 2015, submitted under Fed. R. App. P. 28(j).  This case is set for argument in San Francisco, on April 16, 2015, before Judges Kozinski, Graber, and Benson.

      Taxpayer argues that the Government's defense of this appeal violates Section 538 of Title IV of Division B of Pub. L. No. 113-235, the Consolidated and Further Continuing Appropriations Act of 2015 (CAFRA), which provides, *inter alia*, that "[n]one of the funds made available in this Act to the Department of Justice may be used . . . to prevent . . . States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."  Taxpayer contends that the Department's defense of the Tax Court's decision in this case contravenes CAFRA, and that this Court should prohibit any continuation of that defense.

      Taxpayer's assertions are misconceived.  This case in no way involves – much less prevents – the implementation of California laws authorizing medical-marijuana sales.  Rather, it involves enforcement by the Government of a provision of the Internal Revenue Code, 26 U.S.C. § 280E, which by its plain terms prohibits business-expense deductions where the business consists of trafficking in certain substances listed in the Controlled

12610421.1

Substances Act. Congress has not amended or repealed § 280E, and marijuana remains a controlled substance under federal law.

At all events, because the Tax Court had no jurisdiction to adjudicate the propriety of the Justice Department's expenditure of its funds, this Court, in reviewing the Tax Court's decision, similarly has no jurisdiction as to that matter. *See Commissioner v. McCoy*, 483 U.S. 3, 6 (1987).

Please distribute a copy of this letter to each member of the panel assigned to hear oral argument in this case.

    Sincerely yours,

    /s/ Richard Farber

    RICHARD FARBER
    Attorney
    Appellate Section

Enclosures

# CERTIFICATE OF SERVICE

      I hereby certify that on April 10, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Signature  /s/ Richard Farber